### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT ELDRED COALWELL, | § | |
| TDCJ # 1043034, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | **Civil Action** |
| | § | **No. SA-16-CA-506-DAE** |
| | § | |
| BEXAR COUNTY ADULT DETENTION | § | |
| CENTER, ET AL., | § | |
| | § | |
| **Defendants** | § | |

# D I S M I S S A L   O R D E R

Before the Court is Plaintiff Scott Eldred Coalwell's 42 U.S.C. § 1983 Civil Rights Complaint and Application to Proceed In Forma Pauperis (IFP).

Coalwell's IFP application shall be granted.  Pursuant to 28 U.S.C. § 1915 a prisoner who brings a civil action IFP must pay an initial partial filing fee and thereafter pay the balance of the $350 filing fee through monthly deductions from the prisoner's institutional trust fund account. Therefore this Court assesses and **DIRECTS** Plaintiff to pay an initial partial filing fee of $10.00; the Bexar County Sheriff's Department Inmate Trust Fund (BCSDITF) shall deduct this sum from Plaintiff's institutional trust fund account and forward this sum to this Court (if no such funds are available, BCSDITF shall place a hold on the account in this amount and forward the funds when available).  The balance of the $350 filing fee shall be paid in monthly installments as provided in 28 U.S.C. § 1915(b)(1).  BCSDITF shall each month deduct twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate trust account and forward payments to the Court provided the account exceeds $10.00, until the balance is paid.

Coalwell's § 1983 Complaint alleges that during his detention at the Bexar County Adult Detention Center (BCADC), he has "been under continuous punishment, neglect, harassment, assaults, threats, malnutrition, false reports, denial of basic rights and privileges [and] due process, civil rights violations, criminal violations, immoral, unethical, and unprofessional conduct." He sues BCADC, the Bexar County Sheriff's Office, Bexar County, the State of Texas, the Texas Commission on Jail Standards, City of San Antonio, Bexar County Sheriff Susan Pamerleau, Officer W. Enz, and approximately fifty other BCADC officers, seeking damages and to "remove violators from continued employment."

This Court directed Coalwell to show cause why his Complaint should not be dismissed as conclusory and for failure to state a non-frivolous claim. In response to this Court's Show Cause Order, Coalwell alleges: Officers at BCADC "harass . . . and torment detainees for entertainment;" he doubts that he is getting sufficient calories a day; during his 270 days in detention, the food was so bad he could not eat it on several occasions, and on about thirty occasions he was served rotten fruit; he has seen officers take prisoner's trays of food and eat it themselves; there is a bad smell in the day room and recreation area; the loud speaker in the sleeping area is on continuously; he has been furnished soap on only six occasions; on April 8, 2016 a toilet overflowed, flooding the day-room; since April 14, 2016 they have not had hot water; and an officer sexually harassed him.[1]

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) require this Court to screen an IFP or prisoner's complaint, and dismiss the complaint if the court determines it is frivolous,

---

[1] Coalwell's allegations of sexual harassment, as pled, do not amount to a constitutional violation under 18 U.S.C. § 1983; however, should Plaintiff have more specific information regarding the claim that could permit the harassment to take on a constitutional dimension, he is encouraged to file a new suit.

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  An action is frivolous where there is no arguable legal or factual basis for the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

Coalwell's § 1983 Complaint fails to state a non-frivolous claim and shall be dismissed for the following reasons:

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  Under the Eighth Amendment, a prison official may be liable for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Article III of the

Constitution requires that to proceed in federal court, a complaint must allege an injury.  *O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974).

Notwithstanding that Coalwell was afforded an opportunity to amend his Complaint, he has failed to allege facts that would support a civil rights claim.  Many of Coalwell's allegations are generalizations or legal conclusions not supported by sufficient facts (i.e. who, what, where, when); those specific facts he does furnish are not sufficient to state a constitutional claim.  Furthermore, Coalwell fails to allege how he has been injured or harmed by the matters he complains of.

Specifically, Coalwell's allegations that Defendants acted "immoral[ly], unethical[ly], and unprofessional[ly]," and that BCADC officers violated BCADC regulations, fail to state a non-frivolous basis for a § 1983 claim, because these acts do not amount to a violation of Coalwell's constitutional or federal rights.

BCADC is a building and is not a separate jural entity subject to suit in a § 1983 action, *see Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991); therefore it is not a proper party to this suit.

The states and their agencies enjoy sovereign immunity from suit pursuant to the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 & n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  Therefore Coalwell's claims against the State of Texas and the Texas Commission on Jail Standards are barred by the Eleventh Amendment.

Coalwell failed to state a non-frivolous claim against Bexar County or the City of San Antonio. To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation.  *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978).  Coalwell's Complaint fails to allege the requisite policy

or custom as a basis for liability against Bexar County or the City of San Antonio.  Additionally, an employer cannot be held liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor.  *Id.* at 691.

Further, in a § 1983 civil rights action, a plaintiff must allege the defendant was personally involved in the actions plaintiff complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation.  *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F.2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982).  Coalwell fails to allege *facts* that would support a claim that the individual defendants violated his constitutional rights or were responsible for a policy infringing his constitutional rights.

Finally, qualified immunity protects government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).  Determination of qualified immunity claims require a court to examine whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred.  *See Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).  Coalwell failed to allege particular facts sufficient to overcome a potential defense of qualified immunity.  *See Wicks v. Mississippi State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir. 1995), *cert. denied*, 515 U.S. 1131 (1995).

Accordingly, Plaintiff Coalwell's IFP Application is **GRANTED**, and his § 1983 Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 27, 2016.

**DAVID A. EZRA**
**Senior United States District Judge**